**Bretherick Trust**

*Anne X. Alpern,* Attorney General, and *Harry L. Rossi,* Deputy Attorney General, for petitioner.

*George C. Kearns, Jr.,* for settlor.

*Arthur Levy,* guardian and trustee ad litem.

VAN RODEN, P. J., July 6, 1959.—The State Employes' Retirement Board, a departmental agency of

the Department of State of the Commonwealth of Pennsylvania, has filed a petition requesting the court to direct that an irrevocable trust inter vivos be terminated with regard to the res representing the overpayment of benefits under a mistake of fact and further to decree that the sum of $47,575.62 representing such overpayment be repaid unto petitioner.

Ida C. Bretherick, settlor of said irrevocable deed of trust, has joined in the prayer of the said petition. However, it appearing that certain interests of minors may be involved as well as unascertained remainder interests, this court appointed Arthur Levy, Esq., a member of the bar of this court, as guardian ad litem of settlor's minor grandchildren, and as trustee ad litem of all unborn and unascertained remainder interests involved with authority to represent said interests in connection with the petition presently before the court.

The undisputed facts are as follows:

The late Hon. Arthur P. Bretherick, who was at the time of his death a distinguished member of the Court of Common Pleas of Delaware County, had previously served as a member of the General Assembly of the Commonwealth of Pennsylvania. He was a member of the State Employes' Retirement Association for a period commencing May 6, 1949, until the time of his death on November 11, 1958, and had acquired an accredited service for retirement purposes for a period of 4 years, 9 months and 13 days as a member of the General Assembly and 9 years, 6 months and 4 days as a judge of the Commonwealth, or an aggregate period of accredited service of 14 years, 3 months and 17 days.

Under the provisions of sections 8(9), 8(10), and 13 of the State Employes' Retirement Act of June 27, 1923, P. L. 858, 71 PS §§1738, 1743, a judge may avail himself of certain increased benefits thereunder by

agreeing to contribute to the retirement fund at an increased rate. On August 30, 1957, Judge Bretherick chose to avail himself of the aforesaid provisions and accordingly increased his contributions to the fund.

However, in order for a member judge, or a member judge's beneficiary, to become the recipient of the increased provisions provided under section 13, supra, the member judge must have served at least one full elective term or 10 years of judicial service in the aggregate. At the time of his death Judge Bretherick had not served either one full elective term as a judge or 10 years of judicial service, and consequently his beneficiary, being his widow, Ida C. Bretherick, was not entitled to receive the increased benefits under the Act of Assembly. Inasmuch as Judge Bretherick had attained superannuation retirement age and died in State service without selecting a retirement option plan, his beneficiary became entitled to receive benefits under the Option 1 plan, viz., the sum of $58,476.50, representing the then present value of the annuity and in addition thereto the sum of $2,113.34, representing excess contributions paid, with interest, or a total of $60,589.84.

As the result of an inadvertence on the part of a clerical employe of the State Employes' Retirement Board, the then present value of Judge Bretherick's annuity was mistakenly computed upon the erroneous belief that Judge Bretherick had completed the minimum 10 years of judicial service. As a result thereof, the State Employes' Retirement Board issued a check to Judge Bretherick's beneficiary for the sum of $108,165.46, which payment represented an overpayment of $47,575.62.

Upon the receipt of the aforesaid check Mrs. Bretherick, the beneficiary, who at that time had no notice or knowledge of the aforementioned error, caused the

sum to be deposited and turned over to the Provident Tradesmens Bank and Trust Company, trustee, under an irrevocable deed of trust created by said beneficiary and under which she retains a life interest in certain income therefrom, and at her death the remainder interest will pass unto her issue.

Although Mrs. Bretherick, since acquiring knowledge of the error, has at all times manifested her desire to coöperate with the State Employes' Retirement Board for the purpose of refunding the overpayment, the trustee of the irrevocable trust will not agree to terminate the trust to the extent of the overpayment without the consent and order of this court.

The basic legal principles involved are relatively simple. Where there has been a mistake as to extent of duty or amount paid in discharge thereof, such excess payment may legally be recouped.

It is well settled in this Commonwealth that one who by mistake of fact pays more than is due may recover the overpayment: Smith v. Capital Bank and Trust Company, 325 Pa. 369, 372 (1937).

This rule has been stated more precisely in A. L. I. Restatement of the Law of Restitution, §20, p. 92, in the following language:

"A person who has paid another an excessive amount of money because of an erroneous belief induced by a mistake of fact that the sum paid was necessary for the discharge of a duty, for the performance of a condition, or for the acceptance of an offer, is entitled to restitution of the excess."

As a contributor to the State Employes' Retirement Fund, Judge Bretherick became entitled to certain benefits. Likewise his widow, as his designated beneficiary, became entitled to certain benefits derived from his contributions to the fund. However, the fund being of statutory origin, the respective rights of any recipient of benefits from the fund must neces-

sarily be determined by reference to the specific statutory provision authorizing such benefit.

A careful study and analysis of the provisions of the State Employes Retirement Act of June 27, 1923, P. L. 858, secs. 8(9), 8(10), and 13, as amended, 71 PS §§1738, 1743, clearly reveals that the critical factor which is a prerequisite to the increased benefits as provided for under section 13 is that the member judge must have served at least one full elective term or 10 years of judicial service in the aggregate. The employee of the State Employes' Retirement Fund who was assigned the work of calculating and computing the exact amount of benefits to which Judge Bretherick's widow was entitled, based such calculation and computation upon the assumption that Judge Bretherick in fact had served either one full elective term as a judge or 10 years of judicial service. However, such assumption was incorect and was at variance with the real facts regarding the length of judicial service performed by Judge Bretherick, which was only 9 years, 6 months and 4 days. Accordingly, the calculation and computation of the financial extent of the benefit to which Mrs. Bretherick was entitled was based upon a clear mistake of fact. Such fact resulted in the payment to her of the sum of $108,165.46, whereas she would legally have been entitled only to $60,589.84. Thus the extent of overpayment resulting from the mistake of fact as to length of judicial service amounted to $47,575.62.

The recipient of the overpayment has been meticulously correct in her actions with respect thereto. Immediately upon the receipt of the check for $108,165.66, she instructed her attorneys to contact the officials at Harrisburg to verify the correctness of the amount. After receiving official assurance that she was legally entitled to the full amount of the check in the sum originally issued, she was entitled to assume the cor-

rectness thereof and was also entitled to dispose of same in such manner as she saw fit. The disposition chosen by her was to impress the proceeds of the check with the trust provisions set forth in the irrevocable trust instrument. Consequently, there can be no adverse criticism of any kind or nature directed against either the recipient of the check or her very competent counsel.

Notwithstanding the good faith of all the parties involved, the fact remains that a mistake had been made, that such mistake was one of a material fact and that such mistake of fact resulted in an overpayment of $47,575.62, to the detriment of the State Employes' Retirement Fund and to the unjust enrichment of the recipient. This in turn gave rise to an equitable right of restitution in favor of the fund.

To correct mistakes is one of the cardinal attributes of equity: Smith v. Capital Bank and Trust Company, supra, at 372. The orphans' court possesses and exercises equitable powers in connection with the administration of estates and trusts properly within its jurisdiction.

The right to recover money paid under mistake of fact may be enforced against the transferee from the payee.

When Mrs. Bretherick innocently received and accepted the overpayment of $47,575.62, she acquired legal title thereto, but the proceeds of such overpayment were impressed with a constructive trust in favor of the rightful owner.

As stated in A. L. I. Restatement of the Law of Restitution, §160, p. 640:

"Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises."

When Mrs. Bretherick transferred the proceeds of the overpayment, to which she held legal title as aforesaid, unto the trustee designated in her irrevocable deed of trust, such proceeds continued to be impressed with the constructive trust in favor of the rightful owner, and the trustee under the deed of trust is subject to the duties and liabilities of the prior constructive trustee. As stated in Comment "g" to §160, supra, p. 647:

"Where property is held by one person upon a constructive trust for another, and the former transfers the property to a third person who is not a bona fide purchaser, the interest of the beneficiary is not cut off."

In the instant case, there is no difficulty in tracing the money paid under mistake of fact from the check issued by the fund to Mrs. Bretherick, then deposited in her bank account and then withdrawn and placed in the corpus of the trust under her irrevocable deed of trust. Thus there is a complete tracing of the property impressed by the constructive trust and an unbroken chain linking the money paid under mistake of fact to the corpus of the trust presently before the court.

The court may properly terminate a trust with respect to that portion of the corpus required to effect equitable restitution.

Mistake is one of the traditionally recognized grounds for rescission or reformation of a trust. As stated in A. L. I. Restatement of the Law of Trusts 2d, vol. 2, §333, p. 149:

"A trust can be rescinded or referred upon the same grounds as those upon which a transfer of property not in trust can be rescinded or reformed."

It seems obvious that if Mrs. Bretherick had been aware ab initio of the overpayment made by mistake in fact. she would have forthwith returned such over-

payment to the fund and would never have permitted same to have been included among the assets transferred under her irrevocable deed of trust. It follows, therefore, that the placing of such overpayment proceeds in the corpus of the irrevocable deed of trust was the result of a material mistake.

It is stated in Comment "e" to the above quoted §333, p. 150, that:

"The settlor can rescind a trust created by him as a result of a material mistake. Where no consideration is paid for the creation of the trust, it is sufficient that the settlor was induced by mistake to create the trust, although neither the trustee nor the beneficiary shared in the mistake or knew of it, since in the case of gratuitous transfers a mistake by the transferor is a sufficient ground for setting aside the transfer, although the mistake was not caused or shared by the transferee and he did not know or have reason to know of the mistake of the transferor."

In the instant case, the fund made the original mistake in the calculation and computation of the benefit. This in turn gave rise to a resulting mistake on Mrs. Bretherick's part in placing the benefit proceeds in her irrevocable trust. She received no consideration for the creation of the trust, and neither she nor the trustee nor any of the beneficiaries of the trust were cognizant of such mistake at the time of the creation of the trust. Accordingly, it would be only fair and equitable to permit rescission and reformation of the trust pro tanto in order to enable the mistake to be corrected and the overpayment returned to the fund. To such end, ordinary decency requires the trust to be terminated with respect to an amount equivalent to such overpayment and the trustee should be directed to pay same over unto the State Employes' Retirement Fund.

However, inasmuch as both settlor and the trustee

have acted in the utmost good faith at all times, it would not be appropriate to make an award of interest or damages for unlawful retention of the overpayment to date nor would it be equitable to impose any of the costs of these proceedings upon the trust fund.

Accordingly, the court enters the following

### Decree

And now, to wit, July 6, 1959, upon consideration of the petition of the State Employes' Retirement Board, the petition and joinder of Ida C. Bretherick and the report of the guardian and trustee ad litem, and after full and careful consideration of the entire matter, the court being of the opinion that equity and justice require the repayment out of the trust res of the overpayment of certain retirement benefits mistakenly paid to the beneficiary and placed by her in an irrevocable trust, it is therefore ordered, adjudged and decreed as follows:

1. The report of the learned guardian and trustee ad litem is hereby approved and directed to be filed of record, and said guardian and trustee ad litem, Arthur Levy, Esq., is hereby commended for the valuable and efficient services rendered in this matter without compensation, as a public service.

2. The irrevocable trust created by deed of trust of Ida C. Bretherick, settlor, is hereby terminated to the extent of $47,575.62 of the trust res.

3. Provident Tradesmens Bank and Trust Company, trustee under the irrevocable deed of trust of Ida C. Bretherick, settlor, is hereby authorized, instructed and directed to pay over and deliver unto the State Employes' Retirement Fund the sum of $47,575.62 out of the assets belonging to the trust estate, and credit for such payment may be reflected in the account of the trustee as and when same shall be filed in due course.

4. Upon such payment by the trustee to the State Employes' Retirement Fund, the trustee will be discharged from all further duties, liabilities and responsibilities with respect to that portion of the trust res so terminated.

5. The costs of these proceedings shall be borne by the State Employes' Retirement Board.